**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony J. Davian, | ) | **CASE NO. 5:14 CR 81** |
| | ) | **1:15 CV 1299** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Doc. 72). For the reasons that follow, the motion is

DENIED.

**FACTS**

On February 27, 2014, the United States charged petitioner with one count of securities

fraud, two counts of mail fraud, four counts of wire fraud, and seven counts of money

laundering. The charges stemmed from petitioner's scheme to deceive individuals into investing

money in fraudulent investment funds that petitioner had created. Rather than investing all of his

1

investors' money, petitioner used it to enrich himself, pay for personal expenses, cover operating

expenses, and pay off earlier investors. Petitioner made misrepresentations to investors and

prospective investors about the size and prosperity of his business to induce them to buy shares

of his funds. His fraudulent scheme caused investors to lose over $1,700,000. On March 25,

2014, petitioner waived indictment and pled guilty to all fourteen counts pursuant to a written

plea agreement with the government.

This Court sentenced petitioner on November 24, 2014, to 57 months imprisonment,

three years of supervised release, restitution in the amount of $1,787,679.62, and a $1,400

special assessment. The Court entered final judgment on December 8, 2014. Thereafter,

petitioner filed a number of motions to delay or avoid imprisonment, two petitions for mandamus

with the Sixth Circuit, and his direct appeal. The Sixth Circuit denied the petitioners for

mandamus, and petitioner voluntarily dismissed his appeal. Petitioner now seeks relief pursuant

to 28 U.S.C. § 2255. The government opposes petitioner's motion.

**ANALYSIS**

Petitioner attempts to collaterally attack his conviction on the basis that his trial counsel

was ineffective. He argues that trial counsel provided ineffective assistance because he: (1) did

not investigate petitioner's mental health and medical history or order a mental health

evaluation; (2) advised petitioner to enter into a plea agreement and "failed to deliver on [his]

promise of the two point reduction promised by [the] AUSA"; and (3) failed to adequately

prepare for sentencing.

A federal prisoner may challenge a sentence if it "was imposed in violation of the

Constitution or laws of the United States ... or ... the sentence was in excess of the maximum

2

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a

§ 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional

magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that

was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334

F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a

preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

 The Sixth Amendment guarantees a criminal defendant the right to effective counsel at

all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th

Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that

his counsel's performance was deficient and that the deficient performance prejudiced his

defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

 The deficient performance prong requires a "showing that counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be

highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689.

 The prejudice prong requires the petitioner to show more than some conceivable effect on

the judgment. *Id.* at 693. Rather, to prove that counsel's performance was prejudicial, there must

be "a reasonable probability that, but for counsel's unprofessional errors, the rest of the

proceeding would have been different." *Id.* at 694.  In the plea bargain context, to show

prejudice, the petitioner must prove that "there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.

Lockhart*, 474 U.S. 52, 59 (1985). When applying *Strickland,* if a court can more easily dispose

of an ineffective assistance claim based on lack of prejudice, the court should follow that route. *Watson v. Marshall*, 784 F.2d 722, 726 (6th Cir. 1985).

      1.        Petitioner's mental health

Petitioner has not shown that trial counsel was ineffective for failing to investigate his mental health or order a mental health evaluation. Petitioner claims that when he first met trial counsel in June of 2013, he was in the midst of a psychotic episode and that counsel's awareness of this episode should have prompted him to investigate petitioner's mental health. Trial counsel discussed petitioner's episode in his sentencing memorandum and cited to two medical reports regarding petitioner's mental health to substantiate the claim that petitioner suffered from mental health issues. (Doc. 29 at 9). One of the reports was by Dr. Maher Mansour, who treated petitioner following his episode in the summer of 2013. Dr. Mansour's report, dated June 30, 2014, states that he treated petitioner for "major depressive disorder, recurrent, severe" and that petitioner's "symptoms have stabilized nicely on his current medication regimen." He further noted that petitioner "participated fully in his treatment, resulting in marked improvement for his mood, cognitive functions, and insight and judgment" and that petitioner's prognosis "is very good."(*Id.* at 10). The other report that counsel referenced was by Alan Kurzweil, L.I.S.W.-S, who met with petitioner in individual counseling sessions as part of his treatment for his psychotic episode. Kurzweil noted that petitioner did not exhibit symptoms of a mood disorder, and that although he had some traits of anti-social personality disorder and narcissistic personality disorder, he did not meet the clinical criteria for either disorder. Similar to Mansour, Kurzweil also believed that petitioner's "prognosis is very good to excellent." (*Id.* at 11).

Trial counsel was not deficient in failing to further investigate petitioner's mental health

or order more mental health testing. Nothing in either Mansour's or Kurzweil's report suggests that further mental health investigation or testing was necessary. In fact, to the contrary, the reports suggest that petitioner had stabilized on his medication regiment, had a positive prognosis, and was not suffering from mood disorder, anti-social personality disorder, or narcissistic personality disorder.[1]

Nor was trial counsel's failure to further investigate petitioner's mental health prejudicial. Petitioner claims that more testing would have shown that his mental health issues were so severe that he would have either been found incompetent or not guilty by reason of insanity. Petitioner offers nothing but speculation to support this argument. A § 2255 movant is required to state the facts supporting each ground for relief. Rules Governing § 2255 Proceedings, Rule 2; *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (internal quotations and citations omitted) ("[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255."). No medical professional has ever found that petitioner was so incompetent that he is unable to stand trial. To the contrary, Mansour's and Kurzweil's reports show that further testing would have very likely revealed that petitioner could not meet the exacting standards for incompetency and not guilty by reason of insanity.

Finally, petitioner's ability to perpetrate a complicated multi-state fraudulent investment

---

[1]     In support of his argument, petitioner cites to an evaluation by a physician's assistant for the Bureau of Prisons which states that petitioner suffers from bipolar disorder. This report is dated July 1, 2015, and thus has no bearing on trial counsel's performance. Moreover, the evaluation notes that many of the depressive symptoms that petitioner was suffering at the time had increased as a result of the stress from his incarceration.

scheme as well as his lucidity at each hearing before this Court belie his claim that his mental

health issues were so severe that he would have been declared incompetent if counsel had done

more to investigate his mental health. (*See, e.g.*, Doc. 69 at 580) (petitioner noting to this Court

that the medication he was taking did not affect his ability to understand the change of plea

proceedings).

For these reasons, petitioner cannot demonstrate ineffective assistance of counsel based

on trial counsel's failure to investigate his mental health or order further mental health testing.

2.      Petitioner's plea

Next, petitioner asserts that his guilty plea was not knowing or voluntary because it was

based on counsel's deficient performance in failing to order further mental health testing. He

also claims that counsel was ineffective when he failed to secure a two point reduction for the

assistance petitioner provided to the government.

A guilty plea entered by a defendant who is fully aware of the direct consequences of the

plea is voluntary in a constitutional sense "unless induced by threats ..., misrepresentation ..., or

perhaps by promises that are by their nature improper as having no proper relationship to the

prosecutor's business." *Mabry v. Johnson*, 467 U.S. 504, 509 (1984) (quoting *Brady v. United

States*, 397 U.S. 742, 755 (1970)). A plea is intelligent when the district court verifies that the

defendant understands the "applicable constitutional rights, the nature of the crime charged, the

consequences of the guilty plea, and the factual basis for concluding that the defendant

committed the crime charged." *United States v. Varner*, 598 F. App'x 389, 391 (6th Cir. 2015).

"A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and

accuracy] in the absence of a believable, valid reason justifying a departure from the apparent

6

truth of those statements." *United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007).

Petitioner's ineffective assistance claim based on his plea agreement is without merit. First, as noted above, counsel was not ineffective for failing to conduct a more extensive investigation of petitioner's mental health. Thus, his argument that his plea was not knowing and voluntary because of this failure by counsel is baseless.

Moreover, the change of plea hearing transcript demonstrates that petitioner's plea was knowing and voluntary. Petitioner assured the Court that his medication did not affect his ability to understand the proceeding. (Doc. 69 at 580). This Court advised petitioner of the constitutional rights that he was giving up by pleading guilty. (*Id.* at 581-582). Petitioner stated that he understood the elements of each count against him and that he had gone over them in detail with his attorney. (*Id.* at 575-76). He also acknowledged that he understood the statutory penalty for each count. (*Id.* at 583-84). Petitioner admitted the truth of the government's factual basis for the charges. (*id.* at 587). Finally, he acknowledged that he understood that the recommendations in the plea agreement were not binding on the Court and that he could not withdraw his plea if he was dissatisfied with his sentence. (*Id.*).

Finally, petitioner cannot show that his counsel was ineffective because he failed to secure a two point reduction for substantial assistance. The plea agreement does not contain a section on substantial assistance. Petitioner admitted at his plea hearing that he had thoroughly reviewed the entire agreement and that he understood it. (*Id.* at 582-83). Thus, petitioner entered his plea with full knowledge that the agreement did not contain a recommendation for a two point reduction for substantial assistance. The only evidence that petitioner puts forth in support of this claim, an email apparently from trial counsel to petitioner dated February 19, 2015, does

not show that counsel made any improper promises. To the contrary, it indicates that counsel had

informed petitioner that the prosecutor was *not* going to recommend any reduction:

> Regarding [the prosecutor], I do believe at some point he said that based upon the
> information you provided he would be able to get approval for a point/some
> points, *but you recall* he later denied that and I have been unable to recover any
> written documentation to the contrary.

Thus, petitioner cannot demonstrate that his counsel's performance throughout the plea

negotiation phase was deficient or that, but for counsel's deficient performance, he would not

have pled guilty and would have insisted on going to trial.

3.       Preparation for sentencing

Lastly, petitioner claims that trial counsel's preparation for sentencing was ineffective.

Petitioner notes that trial counsel did not bring documents with him to the sentencing hearing

that allegedly would have supported a lower loss amount. He also claims that he and his wife did

much of the work in preparation for the sentencing, including drafting petitioner's sentencing

memorandum.

Even assuming trial counsel could have put more effort into preparing for sentencing,

petitioner has not shown that counsel made errors so serious that he was not functioning as the

counsel guaranteed by the Sixth Amendment. Trial counsel submitted a sentencing memorandum

in advance of sentencing and made many arguments at the hearing. He began by arguing for a

lower loss amount. Though this Court disagreed with the points that counsel raised, "[t]he

requirement that counsel be effective is not a result-oriented standard. Counsel is required to be

competent, but not necessarily victorious." *Wiley v. Sowders*, 647 F.2d 642, 648 (6th Cir. 1981).

Counsel then argued for a downward departure, addressing factors such as petitioner's mental

health history, family medical history, and likelihood of making restitution. Counsel's

performance at the sentencing hearing shows that he was thoroughly familiar with the relevant facts and law and that his performance was based on his reasonable professional judgment about what he needed to do to secure a favorable sentence for petitioner. Petitioner also cannot show that any lack of preparation by counsel affected his sentence. There was overwhelming evidence of petitioner's guilt. Petitioner admitted to detailed facts showing that he schemed many people out of thousands of dollars, and numerous victim impact statements demonstrated the harm that petitioner caused them. Based on this evidence, the Court found that petitioner should be sentenced within the Guidelines range and sentenced him to the lowest advisory sentence.

Moreover, even if trial counsel was deficient in failing to bring documentation to the sentencing hearing, petitioner cannot establish prejudice. Petitioner has not submitted any documents or other evidence that shows the loss amount that the Court applied was incorrect. The amount was proven by financial records and victim statements. Indeed, the amount in dispute during the sentencing hearing–the amount that the missing documents would have allegedly shown was too high–was established based on information that *petitioner* supplied to the government. (Doc. 49 at 317-318). Petitioner cannot now rest his ineffective assistance claim on pure speculation that documents that he has not produced would have affected the loss amount.

For these reasons, petitioner's claim that trial counsel's preparation for sentence was ineffective is without merit.

### CONCLUSION

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. The Court finds that a hearing is unnecessary because

the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/5/15